UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY USSERY, | No. 2:24-03699-DJC-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| NEW REZ, LLC, et al., | |
| Defendants. | |

    This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff filed an application in support of her request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, so the motion to proceed in forma pauperis will be granted. Plaintiff's pro se complaint filed on December 26, 2024, is now before the court for screening. (ECF No. 1.)

I.    **SCREENING REQUIREMENT**

    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The federal courts are courts of limited jurisdiction, and a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

**II.     THE COMPLAINT MUST BE DISMISSED**

Plaintiff has filed a document, which the court construes as a complaint, entitled "Notice of Liability," and naming as a defendant New Rez LLC Mortgage Servicing Co dba Shellpoint Mortgage Servicing ("New Rez"). (ECF No. 1.) Plaintiff alleges that defendant violated her rights

1  by exercising "unlawful foreclosure proceedings." Id. Plaintiff asks that the court provide a
2  remedy but does not specify what relief she seeks. Id. at 2. Plaintiff's complaint fails to identify a
3  basis for this court's jurisdiction and fails to plead any factual allegations.
4        The complaint fails to give fair notice of any cognizable claims and the grounds on which
5  they rest. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's
6  complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v.
7  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Here, the complaint does not
8  contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The
9  complaint does not describe the specific conduct any defendant is alleged to have engaged in that
10 violated plaintiff's rights. The complaint must be dismissed because it does not contain any
11 factual content to allow the court to draw the reasonable inference that a defendant has violated
12 plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming
13 dismissal of complaint where "one cannot determine from the complaint who is being sued, for
14 what relief, and on what theory, with enough detail to guide discovery").

15      **III.    PLAIN LANGUAGE SUMMARY FOR A PRO SE PARTY**
16       The following information is meant to explain this order in plain English and is not
17 intended as legal advice.
18       Your complaint is being dismissed because it fails to state a claim. However, you are
19 being given the chance to fix the problems identified in this order by filing an amended
20 complaint. If you wish to file an amended complaint you must clearly explain what happened,
21 why the court has jurisdiction over your complaint, and what remedy you are seeking.

22      **IV.    CONCLUSION AND ORDER**
23       The complaint must be dismissed, but plaintiff is granted leave to file an amended
24 complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely
25 clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the
26 complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An
27 amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an
28 amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;
3. The Clerk's Office is directed to send plaintiff the civil form complaint used in this district;
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 25, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.ussery3699.screen